Lionel A. WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 45030.

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

John R. Green, of Fuhrhop & Green, Dickinson, for appellant.

Jules Damiani, Jr., Dist. Atty., M. Bruce Fort, Asst. Dist. Atty., Galveston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The offense is possession of heroin. Two prior convictions for felonies less than capital were alleged for enhancement. The punishment was assessed at life under Article 63, Vernon's Ann.P.C.

Appellant cites seven grounds of error.

The record reflects that on October 27, 1967, officers, armed with a search warrant, went to appellant's apartment where they found Judith Ann Guillory, who had been living with appellant for about a year. Appellant was not there when the police officers arrived. After making a brief search of appellant's apartment, the officers heard footsteps coming up the stairway. As appellant approached the door of the communal bathroom located across the hall from his apartment, the officers identified themselves. At that point, appellant began running. The officers pursued him, and they observed appellant make a throwing motion just before he was apprehended. One of the officers subsequently found two capsules in a gutter adjacent to the stairs. The capsules were later identified by a chemist as containing heroin.

In his first four grounds of error, appellant challenges the legality of the search warrant. However, this Court was faced with this very same search warrant in a companion case, White v. State, 451 S.W. 2d 497 (Tex.Cr.App.1970), and the Court, at page 499, found that the affidavit contained sufficient facts for the magistrate to conclude that probable cause existed. Admittedly, the Court did eventually grant appellant's motion for rehearing and the judgment of the trial court was reversed. However, that portion of Judge Douglas'

opinion which addressed itself to the legality of the search warrant was left undisturbed on the motion for rehearing. A reasonable interpretation of the final decision is that the reversal was based solely on the testimony of Judy Guillory. This Court having previously decided the legality of the search warrant, appellant's first four grounds of error are overruled.

■ Appellant next urges reversible error because Judy Guillory was allowed to testify as to what the evidence was the officers retrieved. She testified that after appellant was apprehended, the police officers found "two caps of heroin." Appellant contends it was error to permit a lay witness to so testify. However, a chemist for the Bureau of Narcotics and Dangerous Drugs later testified, without objection, that these same two capsules did, in fact, contain heroin. Judy Guillory should not have been allowed to testify as to what the capsules contained. However, the error does not call for a reversal, since the same facts were proven by other testimony to which no objection was made. See East v. State, 420 S.W.2d 414 (Tex.Cr.App. 1967); Autry v. State, 159 Tex.Cr.R. 419, 264 S.W.2d 735 (Tex.Cr.App.1954); Merx v. State, 450 S.W.2d 658 (Tex.Cr.App. 1970).

In his sixth ground of error, appellant contends the court erred in allowing Judy Guillory to testify as to why she gave the appellant $14. When questioned by the State, witness Guillory testified as follows:

"A He [appellant] asked me did I have any money, and I told him—yes—and I gave him $14.00.

\*    \*    \*    \*    \*    \*

"Q And why did you give him $14.00 in money?

"A To buy two caps of—

"MR. GREEN:

Your Honor, we object to that. That's being speculative, unless there was something said by the Defendant—what he wanted the money for. This is crucial to the case, Your Honor, for them to come out with a speculative answer—why they did something has no connection with what this man did.

"COURT:

Objection overruled. Please read the question to the witness—(The following is read:—

'Q. And why did you give him $14.-00 in money?')

"A To buy two caps of heroin.

"MR. FORT:

And what did he do, if anything, when you gave him the $14.00 to buy two caps of heroin?

"COURT:

And that's while he was in your presence.

"MR. FORT:

Yes, sir.

"A He got dressed and left."

■■ Appellant contends that such testimony was conclusionary and resulted in an inference that appellant was to go buy heroin with the money given to him. If that inference arose, it is only because the record supports such a deduction. Judy Guillory was testifying as to her intent in giving appellant the $14.00. The intent with which a person does an act is known to him, and he is a competent witness to testify as to such fact. See 23 Tex.Jur.2d, § 153; McKinney v. State, 149 Tex.Cr.R. 46, 191 S.W.2d 27, 30 (Tex.Cr.App.1946). Appellant's contention is overruled.

■ Appellant's final ground of error again concerns the search warrant. He alleges that there is nothing in the record to show that James McKenna, the person who issued the search warrant, was a duly authorized magistrate. The allegation is without merit. The affidavit in support of

the search warrant is in the record and clearly reflects the signature of James L. McKenna, followed by "Justice of the Peace, Precinct No. 1, Court B, Galveston County, Texas." No objection by appellant is found in either the motion to suppress or at the trial proceedings. Also, when one of the police officers testified that he took the search warrant to "Judge McKenna" to be signed, no objection was made. The record reflects no error.

The judgment is affirmed.