James Robert PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00936–CR.

Court of Appeals of Texas,
Dallas.

July 15, 1983.

Henry Wade, Dist. Atty., Steven P. Watkins, Asst. Dist. Atty., for appellee.

Before AKIN, WHITHAM and MALONEY, JJ.

PER CURIAM.

James Robert Phillips appeals his conviction for burglary of a building. Trial was before a jury which found appellant guilty and also found that the allegations of both enhancement paragraphs of the indictment were true. The court assessed punishment at confinement for life in the Texas Department of Corrections. Appellant alleges as error: (1) the failure of the trial court to quash the jury venire; (2) the failure to give his requested charge on circumstantial evidence; (3) the failure to give his requested charge on the lesser included offense of criminal trespass; (4) the failure of the trial court to obtain his presence in court when communicating with the jury; (5) a variance between the allegations of the enhancement paragraphs and the court's charge; (6) the denial of his motion for instructed verdict; and (7) a denial of an opportunity to call witnesses regarding the validity of the penitentiary packets used to establish prior felony convictions. Finding no error, we affirm appellant's conviction.

In his initial ground of error appellant first contends that Tex.Rev.Civ.Stat. Ann. art. 2100a (Vernon Supp.1982–1983) was not complied with by the Hunt County Commissioners Court in the method of selecting prospective jurors in Hunt County. He further contends that this statute is unconstitutional because its method of selecting persons for jury service from voter registration lists excludes qualified persons merely because they are not registered to vote. As to his first claim under this ground, appellant does not direct us to any portion of the record that would demonstrate in what respect the Hunt County Commissioners Court failed to comply with the statute. A review of the record reveals that by order dated July 23, 1979, the Commissioners Court voted to adopt, upon the recommendation of William C. Parker, Judge of the 196th District Court, a plan

Paul Banner, Greenville, for appellant.

for the selection of persons for jury service with the aid of mechanical or electronic means. This complies with section 1 of the article. Section 2 sets out the requirements for any plan so adopted. The record does not contain a copy of any written plan or any other evidence of the plan except for an order dated July 14, 1980, whereby the Commissioners Court adopted an amendment to the plan submitted by the District Clerk. Appellant has the burden to show noncompliance. As he did not introduce evidence of the plan adopted, or evidence that there was no written plan as required by section 2, nothing is presented for review.

In his second claim under this same ground, appellant does not direct us to any Texas case dealing with his constitutional challenge to the jury selection process, nor does our research reveal any. However, the federal jury selection process is similar in that voter registration lists are used as the source of names from which jury lists are compiled. In *United States v. Carter,* 568 F.2d 453 (5th Cir.1978), the same constitutional challenge that appellant raises with respect to the state statute was raised in regard to the Federal Jury Selection Act. 28 U.S.C. §§ 1861–1877 (1976). There the court held that the burden is on the defendant to show that the selection process systematically and arbitrarily excludes a cognizable class from jury service to his prejudice. *See also United States v. Gaona,* 445 F.Supp. 1237 (W.D.Tex.1978). Although the trial court in the instant case took judicial notice of applicable demographic data and appellant provided statistics that showed approximately 24% of the population who would qualify as jurors would not be included on jury lists because they were not registered to vote, appellant has not satisfied his burden to demonstrate purposeful and systematic exclusion of a cognizable group since "[a] a group of persons who choose not to register [to vote] does not constitute a cognizable group." *Gaona,* 445 F.Supp. at 1241 and cases cited therein. Appellant's first ground of error is overruled.

Appellant next contends that the trial court erred in refusing his requested jury charge on circumstantial evidence. In *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App. 1981) (*en banc*), the Court of Criminal Appeals abolished the requirement of a circumstantial evidence charge. Appellant's second ground of error is overruled.

In his third ground of error appellant contends that the failure to give his requested charge on the lesser included offense of criminal trespass was error. A charge on a lesser included offense is required only when there is evidence that if appellant is guilty at all, he is guilty only of the lesser included offense. *Thomas v. State,* 578 S.W.2d 691 (Tex.Cr.App.1979). In this case the State introduced evidence to prove the charge of burglary of a building. Appellant presented no evidence. A charge on the lesser offense of criminal trespass was not required under these circumstances, and the trial court did not err in refusing appellant's requested charge. *Eldred v. State,* 578 S.W.2d 721 (Tex.Cr. App.1979); *Hall v. State,* 630 S.W.2d 709 (Tex.App. Houston [1st Dist.] 1981, pet. denied). Appellant's ground of error is overruled.

By his next ground of error, appellant contends that the trial court violated the provisions of article 36.27 of the Texas Code of Criminal Procedure. A note was received from the jury and answered by the trial judge without obtaining the appellant's presence in open court. The note contained the following language:

What does it mean when the "Court" enters the plea "Not Guilty"

Did the defendant enter a plea himself, and was signed by the foreman of the jury. Appellant's counsel was present in court when the note was received and was permitted to inspect the trial court's reply, which stated, in pertinent part, "You are instructed that it is your duty to follow the Charge of the Court." Appellant's counsel objected to this reply as violative of article 36.27. Communication with the jury which does not amount to additional instructions,

although not in compliance with statutory provisions, is not reversible error. *Nacol v. State,* 590 S.W.2d 481 (Tex.Cr.App.1979); *Rodriquez v. State,* 625 S.W.2d 101 (Tex. App. San Antonio 1981, pet ref'd). Appellant's fourth ground of error is overruled.

■ Appellant also contends that the charge to the jury contained fundamental error in that the indictment alleges that the prior felony convictions occurred on specific dates, but that the charge authorized findings of true if the prior felonies were shown to be "on or about" specific dates. The "on or about" language complained of is contained in instructions from the trial court. The application portion of the charge states, in relevant part, "If you believe beyond a reasonable doubt that the allegations set out in Paragraph 2 of the indictment are true...." This same language is used in regard to Paragraph 3 of the indictment. Where the application portion of the court's charge limits theories of convictions to those plead in the indictment there is no fundamental error. *Rubio v. State,* 607 S.W.2d 498 (Tex.Cr.App.1980); *Hawkins v. State,* 605 S.W.2d 586 (Tex.Cr.App.1980). Appellant's fifth ground of error is overruled.

■ In his sixth ground of error appellant contends that the trial court erred in failing to grant his motion for an instructed verdict because the evidence was insufficient to prove an unlawful entry with the required intent. His complaint centers on lack of proof of intent rather than lack of proof regarding the entry. The evidence shows that appellant was arrested inside the store on Sunday. He was wearing a mask and gloves. All of the windows and doors were locked and there was no indication of forced entry through a window or door. However, a ceiling tile was broken, an air conditioning duct was damaged and a crow bar and other tools were found on or very near appellant. Inside the store, there was evidence that appellant had disturbed coins left in the registers. The intent with which an entry is made is a fact question for the jury, *Ortega v. State,* 626 S.W.2d 746 (Tex.Cr.App.1981);

*Baker v. State,* 625 S.W.2d 840 (Tex.Cr.App. 1981), and may be inferred from the circumstances of the case. *Ortega,* 626 S.W.2d at 749; *Taylor v. State,* 630 S.W.2d 469, 472 (Tex.App.—San Antonio 1982, no pet.). The circumstances of the instant case are sufficient for the jury to find that appellant entered the building with the intent to commit theft. Appellant's ground of error is overruled.

■ Appellant's final ground of error complains of the trial court's denial of an opportunity to call witnesses for cross-examination regarding the penitentiary packets used to establish the prior felony convictions used for enhancement purposes. Tex. Rev.Civ.Stat.Ann. art. 3731a (Vernon Supp. 1982–1983) provides for the introduction of official documents that are duly authenticated. The penitentiary packets in the instant case contain the required certificates from the custodian of these records. The use of these records from the department of corrections and the testimony of a fingerprint expert to prove the appellant is the person twice before convicted does not deny appellant his right to cross-examination and confrontation. *Richardson v. State,* 432 S.W.2d 100 (Tex.Cr.App.1968); *see also Matula v. State,* 390 S.W.2d 263 (Tex.Cr.App. 1965). Appellant's seventh ground of error is overruled.

The judgment is affirmed.