Charles Leon METTERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0285–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 3, 1985.

Walter J. Pink, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, Harris County Asst. Dist. Atty., Houston, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

A jury convicted appellant of aggravated robbery; the trial court found the enhancement allegation to be true and assessed his punishment at 18 years confinement. We affirm.

In his first ground of error, appellant alleges that the trial court erred in overruling his motion to strike the jury panel. After the jury had been sworn, the defense counsel dictated the following motion into the record:

At this time, Your Honor, comes now the defendant, Chester Metters, by and through his attorney of record, Walter Pink, and would respectfully object to the jury as it is situated at this time. We would like to point out to the judge that the state has unconstitutionally, systematically excluded all blacks from the jury panel. There were some eight from the array. I did not use any of my strikes for blacks, as such. The state has used eight of its ten strikes for blacks improperly and it is an attempt to eliminate the minority.

The defendant is black and we would like the record to reflect that the state used its peremptory challenges. We would ask that this jury panel be struck and another panel brought forth.

The prosecutor responded to this motion as follows:

There is no evidence whatsoever, not even one scintilla of evidence that there was any systematic exclusion of any group based on race, and I would object to counsel saying it in those terms on the record, and I would at this time object to the record reflecting that.

The trial court denied the motion to strike the jury panel. Appellant later made a motion for new trial on the same basis, and the trial court overruled the motion for new trial.

█ Mere allegations of the use of peremptory challenges to strike qualified blacks from a jury venire is not sufficient to establish prohibited systematic exclusion of blacks in selection of a petit jury. *Evans v. State*, 622 S.W.2d 866 (Tex.Crim. App.1981); *Cano v. State*, 663 S.W.2d 598 (Tex.App.—Austin 1983, no pet.); *see also Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Appellant argues that *Swain* and its progeny should be overruled or reinterpreted to allow a criminal defendant to make a prima facie case of unconstitutional discrimination by the state in its peremptory strikes by showing that the prosecutor struck every member of a minority group on the venire. However, as an intermediate court, we are bound to follow the rules enunciated by the Court of Criminal Appeals. Tex.Code Crim.P.Ann. art. 4.04, sec. 2 (Vernon Supp.1985). Appellant's first ground of error is overruled.

In his second ground of error, appellant alleges that the trial court erred in overruling his objection to the use of the enhancement offense. The state originally alleged two enhancement paragraphs, but it abandoned the first enhancement paragraph at the time of trial. Appellant objected to the use of the second enhancement paragraph as follows:

At this time, Your Honor, the defendant would respectfully ask first to quash the second paragraph in that the defendant did not sign a waiver of trial by jury.... We ask the motion to quash because he failed to sign a waiver of trial by jury in that particular case as required by law. We would ask that that would be quashed....

When the state offered into evidence at the punishment hearing appellant's "pen packet" for the enhancement offense, appellant again objected:

Again, we would renew our objection to the one count that is in the indictment. We renew our objection that there was no waiver of a jury trial in that one.

The trial court overruled appellant's objection. Appellant offered no evidence in support of his motion to quash the enhancement paragraph.

The judgment from the enhancement offense contains the following recitation:

The defendant, in person and in writing, in open court, having waived his right of trial by jury (such waiver being with the consent and approval of the court and now entered of record in the minutes of the court, and such waiver being with the consent and approval of the District Attorney in writing and filed in the papers of this cause), waived arraignment and formal reading of the indictment, and in open court, pleaded guilty to the charge contained in the indictment.

The recitations in a judgment are presumed to reflect the events of the trial as they actually occurred, and a defendant who alleges that a judgment erroneously shows a jury waiver must present evidence to support his claim. *Breazeale v. State*, 683 S.W.2d 446, 451 (Tex.Crim.App.1985) (op. on reh'g). Appellant's second ground of error is overruled.

In his third ground of error, appellant alleges that the trial court erred in admitting into evidence a pen packet containing judgments and sentences in a 1958 arson conviction and a 1959 theft conviction out of Dallas County. Appellant objected to the introduction of these documents on the basis that he was not represented by counsel at the sentencing hearings in either case.

Both judgments reflect that appellant was represented by counsel at the guilt-innocence stage of each trial. However, neither sentence reflects representation by counsel or waiver of counsel at the punishment stage at either trial. The order revoking probation for the arson charges reflects that appellant was represented by counsel at that hearing.

A defendant has the burden of presenting proof that he did not have counsel at a sentencing hearing where the judgment recites that he was represented by counsel at the guilt-innocence stage of the trial, and the judgment and sentence were entered on the same day after a plea of guilty. *Turner v. State*, 486 S.W.2d 797 (Tex.Crim.App.1972). In both prior offenses included in the exhibit in the instant case, the judgment and sentence were entered on the same day after pleas of guilty, and appellant failed to prove that he was not represented by counsel at the punishment hearing in either case. Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.

Publish. Tex.R.Crim.App. P. 207.

LEVY, Justice, concurring.

In concurring with the result reached by the majority, I feel compelled to point out an injustice in the law as it now stands.

*Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), has established the necessary proof of racially motivated peremptory strikes to be extraordinarily demanding and possibly insurmountable, to the extent that many legal scholars assert that this established standard perpetuates both systematic exclusion of blacks (and perhaps other identifiable ethnic groups) from the judicial process and severely inhibits fair and impartial trials, thereby offending the Equal Protection and Due Process Clauses of the Constitution of the United States. *See, Thiel v. Southern Pacific Co.*, 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181 (1946); *Smith v. Texas*, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. 84 (1940); The Jury System: New Methods for Reducing Prejudice (National Jury Project 1975) pp. 6, 10–11. Although the prohibitions of the Equal Protection Clause go no further than the "invidious" discrimination, *Williamson v. Lee Optical of Oklahoma*, 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955), our superior courts have said that that point has not yet been reached, or at least that the proof offered in each case has not been sufficient. It would appear that, in the conflict between this Clause and the procedural right of the prosecutor to strike venire members peremptorily, the constitu-

tional guarantee has been relegated to a subordinate position—at least for now.

Appellant's argument that *Swain* and its progeny should be overruled or reinterpreted in order to allow a criminal defendant to make a prima facie case of unconstitutional discrimination by the State in its peremptory strikes—by showing that the prosecutor struck, in a single case, every member of a minority group on the venire panel—is not without justification. Where the prosecutor strikes all members of the venire who are members of a recognizable ethnic group, logic would certainly allow, if not require, the presumption to arise that such striking amounts to systematic exclusion of that group, even if on an *ad hoc* basis, and thereby shift the burden to the prosecutor, upon timely objection, to justify his action on non-racial grounds or have the jury panel quashed. *See Willis v. Zant,* 720 F.2d 1212 (11th Cir.1983). Reliance on the good faith of a prosecutor entrusted with participating in the selection of jurors for the administration of criminal justice is not in itself an investiture of discriminatory power offensive to due process. Representing as it does a *living* principle, "due process" is not confined within a permanent catalog of what may at a given time be deemed the limits or the essentials of fundamental rights. The right of a prosecutor to peremptory challenges is so established today that it leads to the easy assumption that it is fundamental to the protection of life and liberty and therefore a necessary ingredient of due process of law. But we should not confuse the familiar with the necessary. "Due Process" is, perhaps, the least frozen concept of our law, the least confined to history, and the most absorptive of powerful social standards of a progressive society.

As an intermediate court, however, we are bound to follow the rules and precedent enunciated by the United States Supreme Court and the Texas Court of Criminal Appeals. Tex.Code Crim.P.Ann. art. 4.04, sec. 2 (Vernon Supp.1985). Those courts have established the test for proving that venire members were struck solely for racial reasons, and appellant in the case at bar has not met his burden of statistical or other proof on that issue. The proof required by *Swain* and its progeny is indeed demanding, but not theoretically impossible. I must therefore reluctantly agree that appellant's first ground of error must be overruled.

Publish. Tex.R.Crim.App. P. 207.