**AFFIRMED and Opinion Filed August 23, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00430-CR**

**TONY WEED, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1975949-S**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

Tony Weed appeals his conviction for burglary of a habitation with intent to

commit sexual assault. Bringing three issues, appellant contends (1) the evidence is

insufficient to support his conviction, (2) the trial court erred in refusing to submit

an instruction on criminal trespass, and (3) the trial court violated his common law

right to allocution. We affirm the trial court's judgment.

## Background

In June 2019, the complainant, C.D.[1], was living at home with her mother, step-father, and two of her three sisters. The house had been built recently by her step-father on a six acre lot in southern Dallas, and was set back from the road approximately two hundred feet. C.D.'s bedroom was on the first floor. The only entrance into the room was from a courtyard area at the back of the house. The door into C.D.'s room was glass and, because the house had only recently been completed, blinds had not yet been installed over the door or windows. Although the only view into the room was from the back courtyard, C.D. covered the door and adjacent windows with an extra mattress at night for privacy.

In the early morning hours of June 14, C.D. was playing a game on her phone and fell asleep without locking her bedroom door or covering it with the mattress. She awoke at approximately 2:45 a.m. to find her door open and appellant standing in her room masturbating. While continuing to masturbate, appellant told C.D. "I just want to fuck you." C.D. stated she was scared and told appellant to leave, but appellant began walking towards her instead. C.D. thought she was going to have to fight appellant and grabbed her phone to call the police. As she did this, appellant stated, "Oh, please don't scare me away."

---

[1] The record does not indicate C.D.'s age at the time of the offense. Due to the possibility that C.D. was a minor when the offense occurred, we refer to her by her initials only.

When appellant sat on the bed, C.D. jumped up at ran out of the room, pulling the door shut behind her. Appellant tried to follow C.D. out into the courtyard area, but C.D. held the door closed, trapping appellant in her bedroom. Appellant then pulled the extra mattress onto the floor, sat down, and continued masturbating while shining a flashlight on C.D. through the glass door.

The police arrived a short time later to find appellant still in C.D.'s bedroom with his penis exposed. A search of the area uncovered a pornographic magazine on a box outside C.D.'s bedroom window. The police also found a small flashlight, a wallet, and a baseball cap. According to one of the officers, appellant had an accelerated heart rate and appeared to be "intoxicated on something." Due to his condition, appellant was transported to the hospital.

Based on the physical evidence found at the scene, and statements made by C.D., the police contacted Alisha Barton, a sexual assault detective. Barton testified she interviewed C.D. and her assessment was that appellant's actions met all the elements of an attempted sexual assault. The fact that appellant entered C.D.'s bedroom while she was unconscious, made sexualized statements to her, and continued to approach her after she expressed that she wanted him to leave, indicated appellant's motivation in entering her room was to commit a sexual assault. Barton stated that, if appellant merely wanted to pleasure himself while looking at C.D., he could have done so from outside her window where the pornographic magazine was found. The only purpose in entering the room was to make physical contact.

After appellant was arrested, it was determined that he lived across the street from C.D. and her family. C.D.'s step-father, Jesus Fonesca, testified he met appellant previously when appellant came to the house to apologize for an earlier incident in which workers found him "wasted" in his underwear inside Fonesca's house while it was still under construction. C.D. did not meet appellant at that time, and had never seen appellant prior to the night of the offense. Fonesca stated he was not at the house on the night of the offense because his work frequently required him to be in Odessa. Fonesca further stated it would be easy for someone to tell he was not home because his truck would not be parked in front of the house.

Appellant was indicted for burglary of a habitation with intent to commit sexual assault. The indictment read as follows:

> That TONY WEED, hereinafter called Defendant, on or about the 14th day of June, 2019, in the County of Dallas, State of Texas, did unlawfully, intentionally and knowingly enter a habitation without the effective consent of [C.D.], the owner thereof, with the intent to commit a felony, namely, SEXUAL ASSAULT,
>
> And further, said Defendant did unlawfully, intentionally and knowingly enter a habitation without the effective consent of [C.D.], the owner thereof, and did then and there commit and attempt to commit a felony, namely, SEXUAL ASSAULT.

After hearing the evidence, a jury found appellant "guilty of the offense of burglary of a habitation with an intent to commit a sexual offense, as charged in the indictment" and sentenced him to fifteen years in prison. Appellant then brought this appeal.

**Analysis**

**I. Sufficiency of the Evidence**

In his first issue appellant contends the evidence is legally insufficient to show he entered C.D.'s room with the intent to commit sexual assault. When reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). We do not resolve conflicts of fact, weigh evidence, or evaluate the credibility of the witnesses as this is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead we determine whether both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the adjudication. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). The factfinder is the sole judge of the witnesses' credibility and their testimony's weight. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984). The factfinder may choose to disbelieve all or any part of a witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Each fact need not point directly and independently to the guilt of the appellant as long as the cumulative force of all the incriminating circumstances is enough to warrant conviction. *See Kennemur v. State*, 280 S.W.3d 305, 313 (Tex. App.—Amarillo

–5–

2008, pet. ref'd). Circumstantial evidence is as probative as direct evidence and can be sufficient alone to establish an accused's guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). "A court's role on appeal is restricted to guarding against the rare occurrence when the factfinder does not act rationally." *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018).

In challenging the sufficiency of the evidence to show his intent to commit a sexual assault, appellant agues the evidence failed to show beyond a reasonable doubt that he intended to force C.D. to engage in a sexual act. Appellant suggests the evidence is more consistent with a desire to have consensual sex with C.D. Appellant points to the fact that there is no evidence he had physical contact with C.D. and his statements on that night suggested she was capable of scaring him away.

The offense of burglary of a habitation with the intent to commit a felony is complete upon entry. *DeVaughn v. State*, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988). It is unnecessary for the State to prove the felony was actually completed. *Id*. "Felonious intent is a fact issue that may be inferred from the events that occurred while the burglary was in progress." *Williams v. State*, 699 S.W.2d 368, 370 (Tex. App.—Houston [1st Dist.] 1985, no pet.).

A person commits the felony offense of sexual assault if the person intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means without that person's consent; causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's

consent; or, causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. TEX. PENAL CODE ANN. § 22.011(a). The act is without the other person's consent if the actor compels the other person to submit or participate by the use of physical force, violence, or coercion or by threatening to use force or violence. *Id*. § 22.011(b)(1) & (2). Intent to commit a sexual assault can be inferred where the defendant verbally and physically expressed his intent. *See Williams*, 699 S.W.2d at 370.

In *Denison v. State*, 651 S.W.2d 754 (Tex. Crim. App. 1983), the court of criminal appeals concluded that evidence substantially similar to the record presented here was sufficient to show intent to commit sexual assault. In *Denison*, the complainant testified she woke to find the defendant on her bed. *Id*. at 758. When the complainant asked the defendant what he was doing there, he responded that "he had been watching [her] and that he loved [her] and that he knew [she] was waiting for him; that he wanted to fuck [her]." *Id*. While making these statements to the complainant, the defendant was masturbating. *Id*. The court of criminal appeals held this evidence "clearly" supported a finding that the defendant entered the complainant's habitation with the intent of raping her. *Id*.

In this case, as in *Denison*, appellant entered the complainant's room while she was sleeping. Appellant told C.D., whom he had never previously met, that he wanted "to fuck her," and he masturbated the entire time he was with her. When

C.D. asked appellant to leave, he moved closer to her. C.D. stated she was afraid and thought she was going to have to fight appellant. When C.D. ran out of the room, appellant attempted to follow her. As the sexual assault detective noted, the only reason for appellant to enter C.D.'s bedroom, rather than masturbate outside her window, was to achieve physical contact. A rational juror could conclude appellant's entry into C.D.'s room late at night, his sexual speech and conduct, and his attempts to get closer to her despite her resistance and expressed desire that he leave, demonstrated appellant's intent to commit sexual assault. *Id*. We resolve appellant's first issue against him.

## II. Lesser Included-Offense Instruction

In his second issue, appellant contends the trial court erred in refusing to submit a jury instruction on the lesser-included offense of criminal trespass. When determining whether an instruction on a lesser-included offense should be given to the jury, we apply a two-step analysis. *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). In the first step, we compare the elements of the offense as alleged in the indictment with the elements of the requested lesser offense. *See State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013). An offense is a lesser-included offense if the indictment for the greater offense alleges either (1) all of the elements of the lesser-included offense, or (2) elements plus facts from which all of the elements of the lesser-included offense may be deduced. *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009). The elements of the lesser offense do not

have to be specifically pleaded if they are "functionally the same or less than those required to prove the charged offense." *McKithan v. State*, 324 S.W.3d 582, 588 (Tex. Crim. App. 2010). This analysis is a question of law that does not depend on the evidence admitted at trial. *Meru*, 414 S.W.3d at 162. Only if the analysis supports a determination that the requested lesser offense is a lesser-included offense of the charged offense do we move to the second step and consider whether a rational jury could find the defendant guilty only of the lesser-included offense. *Id*. at 162–63.

Appellant concedes the court of criminal appeals held in *State v. Meru* that "[b]ecause criminal trespass requires proof of greater intrusion than burglary, the divergent definitions of "entry" will generally prohibit criminal trespass from being a lesser-included offense of burglary." *See Meru*, 414 S.W.3d at 163–64. Criminal trespass requires proof of full-body entry into the habitation, while burglary can be complete upon a partial entry. *Id*. at 163. Where the indictment alleges only that the defendant entered a habitation without specifying full-body entry, an instruction on criminal trespass is prohibited. *Id*. at 164 n.3.

Appellant asserts that, unlike the indictment in *Meru*, the indictment in this case alleges the "functional equivalent" of full-body entry into the habitation. Appellant relies on the second allegation in the indictment in which the State charged appellant with entering the habitation and committing or attempting to commit sexual assault. Appellant argues this language necessarily includes an allegation of

full-body entry into C.D.'s room because the "commission of sexual assault normally requires some type of intimate bodily contact." We disagree with appellant's application of "functional equivalency."

An allegation of sexual assault is not the "functional equivalent" of an allegation of full-body entry into a habitation. The State did not specify full-body entry, nor would it have been required to prove that appellant had fully entered C.D.'s room when he assaulted her or attempted to assault her. *See* TEX. PENAL CODE ANN. §§ 30.02 & 22.011. For example, evidence showing appellant sexually assaulted C.D. after reaching into her room and pulling her out into the courtyard would have been sufficient to support a conviction. *See id.; see also Rice v. State*, 333 S.W.3d 140, 147–48 (Tex. Crim. App. 2011) (reckless driving not lesser included offense of aggravated assault with motor vehicle despite fact that driving is most common manner in which aggravated assault with motor vehicle occurs). Although the State ultimately proved full-body entry, the evidence admitted at trial is irrelevant to the first prong of our analysis of whether a lesser-included offense instruction should have been given. *Meru*, 414 S.W.3d at 162. If appellant wanted the opportunity to submit an instruction on criminal trespass, the proper course would have been to file a motion to quash the indictment based on lack of particularity, and force the State to re-file the indictment with specifics regarding the type of entry alleged. *See id*. at 64 n.3. Because the type of entry was not specified in the indictment, and cannot be deduced from the elements alleged, appellant was

–10–

not entitled to a jury instruction on the offense of criminal trespass. *See id*. at 64. We resolve appellant's second issue against him.

## III. Allocution

In his third and final issue, appellant contends the trial court erred in denying him his common law right to allocution. "Allocution" refers to a trial judge affording a criminal defendant the opportunity to speak "in mitigation of punishment before sentence is imposed." *McClintick v. State*, 508 S.W.2d 616, 617–18 (Tex. Crim. App. 1974) (op. on reh'g). Appellant did not raise this issue in the trial court through a timely request, objection or motion. Accordingly, this issue is not preserved for our review. *See* TEX. R. APP. P. 33.1; *see also Mathis v. State*, Nos. 05-19-01004 & 1028–30-CR, 2020 WL 4581650, at *2 (Tex. App.—Dallas Aug. 10, 2020, no pet.) (mem. op., not designated for publication). We resolve appellant's third issue against him.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210430F.U05

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

TONY WEED, Appellant

No. 05-21-00430-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1975949-S.
Opinion delivered by Justice Reichek. Justices Molberg and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 23, 2022