**Harry Andrew LANHAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44194.**

Court of Criminal Appeals of Texas.

Nov. 16, 1971.

Rehearing Denied Jan. 11, 1972.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Roland Dahlin, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of aggravated assault; punishment was assessed by a jury at two years in jail and a fine of $1,000.00.

The injured party was five years of age. Appellant and the child's mother were in Houston staying at a motel. Several persons saw the child and noticed bruises on her. The police were called. They took custody of the child and placed her in a hospital. Dr. Jerry Edwards examined her when she was brought to the emergency room of the hospital. At the trial, he testified that the child was quite battered when he first examined her, having multiple bruises under her eyes and on her body and extremities. He also testified that these injuries were compatible with the type that would be inflicted by use of a fist or a belt. The child testified that the appellant had beaten her on several occasions with his fists and with a leather belt. The mother testified to the same effect.[1] Appellant did not testify nor call any witnesses in his behalf.

The evidence is sufficient to support the verdict.

Appellant complains that the trial court erred in admitting photographs of the child into evidence. The exhibit in question consists of nine color photographs of the child which were taken shortly after she had been placed in police custody. These were identified as being a fair and accurate representation of the child's condition at that time by the police woman who had been present when the photographs were taken.

Appellant attacks the admissibility of this exhibit on two grounds. He complains that the photographs were staged and that they were so inherently inflammatory that he was denied a fair trial.

The due process test for photographic evidence was stated cogently in Burns v. Beto, 371 F.2d 598, at 601 (5th Cir. 1966):

" * * * so long as photographs accurately represent what they purport to depict and are logically relevant, their extreme gruesome and prejudicial character cannot make their admission in evi-

---

1. In addition to the above, testimony was adduced from two witnesses who had first observed the child and called the police, from the police woman who had taken care of the child during her stay with the Juvenile Division, and from the investigating officer.

dence amount to a denial of due process."

The photographs admitted into evidence in the instant case were properly authenticated by a witness who was present when they were taken. Fobbs v. State, Tex.Cr. App., 468 S.W.2d 392. They are logically relevant to a determination of the extent of the child's injuries and of whether the requisite intent and malice were present when those injuries were inflicted. We find no violation of due process. Burns v. Beto, supra; Harris v. State, Tex.Cr.App., 457 S.W.2d 903; Pait v. State, Tex.Cr. App., 433 S.W.2d 702.

■ The evidentiary rules require that photographs be legally relevant to the solution of a disputed fact issue. Burns v. State, Tex.Cr.App., 388 S.W.2d 690. A determination of the legal relevance of a photograph is made upon the same basis as is a decision on the admissibility of other types of evidence, and this determination must necessarily rest largely in the discretion of the trial judge. Harris v. State, supra.

■ The fact that a photograph is gruesome will not automatically rule out its admissibility. However, an extremely gruesome photograph might tend to so inflame the mind of the jury that its effect is to confuse the issue of guilt or innocence with the horror of the crime. In a case where the photograph offered is extremely gruesome, a consideration should be given to whether its probative value outweighs its inflammatory aspect and to the difficulty in establishing the evidentiary fact by some other means. Thus, in Burns v. State, supra, a color photograph of the deceased " * * * shown lying on his back with his eyes open and his entire throat lying open about an inch wide just under the chin * * * " became admissible to show the savagery of the attack when the

accused testified that he had acted in self-defense.[2] The central issues in *Burns* had become the nature of the deceased's wounds and of the attack. This court explained:

"The state had charged the appellant with a specific crime and had the burden of proving such charge beyond a reasonable doubt. In attempting to carry such burden it had to accept matters as it found them and could not be squeamish about them * * * [T]he photographs tended to present material details tending to refute appellant's testimony and thus resolve the disputed fact issue * * * in a way which statements by witnesses could not as accurately portray."[3]

■ In cases involving assaults, photographic representations of the victim may be the only adequate means of proving that an assault has in fact occurred. Because of this factor, photographs of the victim which depict the injuries have been held to be admissible. Jones v. State, Tex.Cr.App., 462 S.W.2d 578; Younger v. State, Tex. Cr.App., 457 S.W.2d 67; Hart v. State, Tex.Cr.App., 447 S.W.2d 944; Pait v. State, Tex.Cr.App., 433 S.W.2d 702; Pitcock v. State, Tex.Cr.App., 420 S.W.2d 719. The fact that these portrayals are posed goes to their weight and not to their admissibility.

■ While the photographs in the instant case are unpleasant, they are not so gruesome that a reasonable person sitting as a juror would be inflamed by the scene which they depict. Moreover, the state had the burden of proving that an assault had occurred; and the photographic representation of the injuries tends to establish this element in a way which testimony by witnesses could not as accurately portray. A proper predicate was laid for introduction. We hold that the photographs were admissible into evidence. Jones v. State,

---

2. The above is just a partial description of one of the photographs introduced.

For further description see Burns v. State, supra, 388 S.W.2d at 694.

3. Burns v. State, supra, at 695.

supra; Younger v. State, supra; Hart v. State, supra; Pait v. State, supra; Pitcock v. State, supra; Burns v. State, supra.

The remaining grounds of error have been examined and we conclude they are without merit. A discussion of them would contribute nothing to the jurisprudence of this state.

There being no reversible error, the judgment is affirmed.

MORRISON, J., concurs in the result.