**Huey Pierce LONG, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44772.**

Court of Criminal Appeals of Texas.

March 29, 1972.

Sam W. Bostick, Houston, for appellant.

---

Carol S. Vance, Dist. Atty., Phyllis Bell and Tom Henderson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for rape. After the jury had returned a verdict of guilty, punishment was assessed by the court at twenty-five years.

The record reflects that on May 24, 1970, prosecutrix on her way to work as a nurse's aid at St. Joseph's Hospital in Houston. While waiting for a bus, at about 6 a. m., on the corner of Southmore and Sawyer Streets in Houston, a man got out of a white Cadillac and came toward her with a gun in his hand. The prosecutrix turned and ran, and upon the man catching her, she started hitting him with an umbrella. A second man, identified as appellant, got out of the same car, came up to them and put a razor to the throat of the prosecutrix and told her if she screamed he would cut her throat. Prosecutrix was forced into the car, and when appellant went through her purse and found only $1.75, he told prosecutrix she would have to pay another way. The prosecutrix testified appellant ordered her to lie down in the back seat and take off her underclothes. After appellant had intercourse with the prosecutrix, he exchanged places with his companion who sexually assaulted her, while appellant drove the car. Appellant next cut prosecutrix's clothes with the razor stating that prosecutrix might try to escape. After that, appellant raped her again, and at the suggestion of appellant, his companion also raped prosecutrix again. The car was brought to a stop near a vacant lot, where prosecutrix escaped and ran to the nearest house for help. She testified that she did not give consent to the sexual assaults made upon her and that they were made by reason of force and threats used against her.

The sufficiency of the evidence is not challenged.

The appellant complains of counsel for the State having him remove his shirt at a recess period after the trial was in progress, out of the presence of appellant's attorney and without his knowledge or consent.

Harris County Assistant District Attorney Henderson testified (out of the presence of the jury) that at the noon recess after the jury had been selected in the trial of this case, he went to the hold over cell outside the court room and asked appellant to take off his shirt. Henderson stated he viewed the marks and scars on appellant's body because the prosecutrix had given a description of body scars and marks on one of the men who had raped her, and that he wanted to be sure that they had the right man on trial. The only mention of marks on the body of appellant during the trial came when prosecutrix was called as a witness by appellant and on direct examination was asked whether the man who had raped her had gold in his teeth and she stated that he had. On cross-examination, prosecutrix testified that her attacker had a scar on his neck and that she had stated to the police officer that the man had a tattoo on his chest. An objection to the State's request that appellant display his neck and chest to the jury was sustained. On redirect examination, prosecutrix, in response to a question by appellant's counsel, testified that she saw a tattoo on appellant's chest.

Appellant complains that the action of the Assistant District Attorney was in violation of his rights under the Sixth Amendment of the Constitution of the United States, in that appellant was entitled to have his attorney present at every stage of the proceeding after the case had passed the investigatory stage and had reached the accusatory stage.

Both the State and appellant cite United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 1149. In Wade, Mr. Justice Bren-

nan, speaking in the majority opinion for the United States Supreme Court, said:

"It is central to that principle that in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, *where counsel's absence might derogate from the accused's right to a fair trial.* The security of that right is as much the aim of the right to counsel as it is of the other guarantees of the Sixth Amendment.

\*   \*   \*   \*   \*   \*

"*Insofar as the accused's conviction may rest on a courtroom identification in fact the fruit of a suspect pretrial identification* which the accused is helpless to subject to effective scrutiny at trial, the accused is deprived of that right of cross-examination which is an essential safeguard to his right to confront the witnesses against him. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L. Ed.2d 923." (emphasis added)

■ There is not the slightest indication that the identification of appellant, by prosecutrix, at the trial, was based upon the complained of examination of appellant by the Assistant District Attorney. We find no incriminating evidence offered against appellant in the course of the trial which could have been the fruit of such examination. Counsel's absence at the time of the incident in question did not result in the derogation of appellant's right to a fair trial.

We perceive no error.

■ Appellant contends that the failure of the prosecutor to disclose the discrepancy in the prosecutrix's statements is in direct violation of much settled law in the State. The appellant does not identify the discrepancy of which he is complaining. He merely makes the general statement that such discrepancy exists and that the prosecutor violated his duty in failing to disclose same to appellant. We are thus unable to understand and identify appellant's objection and nothing is presented for review under Art. 40.09, Sec. 9, Vernon's Ann.C.C.P.

Appellant contends the court erred in admitting into evidence over appellant's objections, pictures, portions of which contained deletions the jury knew were there prior to appellant's objection.

■ The prosecutrix identified State's Exhibits 4, 5 and 6 as photographs of a car which appeared to be the automobile in which she was raped. After an objection to their introduction by appellant, the jury was retired and the court inquired if the cards in the picture prompted appellant's objection, and if so, the court stated the cards (record does not reflect what was on the cards) would be cut out of the picture. Counsel for appellant answered this was part of his objection. The court then asked the prosecutrix " \* \* \* ·in your best judgment is this automobile the same automobile that was—that you were in at the time you were allegedly raped?" The prosecutrix answered yes and the pictures were admitted into evidence (apparently after the complained of cards or signs in the picture were cut out). Appellant contends that said pictures did not serve to illustrate any disputed issue, and the removal of the signs or cards from the picture created in the mind of the jury an impression that evidence harmful to appellant had been deleted. The prosecutrix identified the automobile in the picture as being the car in which she was raped. The pictures were relevant in that they were photographs of the scene of the crime. This Court has recently said, in the case of Nilsson v. State, 477 S.W.2d 592 (1972), "A determination on the admissibility of photographic evidence rests largely in the discretion of the trial judge, and this Court will not disturb his decision absent a clear abuse of discretion. Martin v. State, 475 S.W.2d 265; Lanham v. State, 474 S. W.2d 197."

We find no abuse of discretion on the part of the trial court in admitting the pho-

tographs. The deletion of the signs or cards from the pictures came after appellant's objection to same. No error is shown.

The judgment is affirmed.

Opinion approved by the Court.