Robert Charles **BAKER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–81–0025–CR.

Court of Appeals of Texas,
Amarillo.

Dec. 22, 1981.

Bob Jones, Lubbock, for appellant.

John T. Montford, Crim. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Robert Charles Baker appeals from his conviction for burglary with intent to commit rape. Punishment was assessed by the jury at confinement in the Texas Department of Corrections for a term of sixty-five (65) years. Finding no reversible error, we affirm.

By his first ground of error, appellant contends the trial court abused its discretion in admitting into evidence a photograph of the complaining witness. He argues its probative value was slight compared to its tendency to inflame the passions of the jurors. The photograph in question shows deep lacerations around and inside the prosecutrix's mouth inflicted by the appellant during his assault. One of the state's witnesses, Dr. Preston DeShan, testified that the photograph accurately represented the complaining witness's condition when he examined her following the attack.

Evidentiary rules applicable to other types of evidence pertain equally to photographic evidence, and a decision regarding admissibility rests largely within the trial court's discretion. *Martin v. State*, 475 S.W.2d 265, 267 (Tex.Cr.App.), *cert. denied*, 409 U.S. 1021, 93 S.Ct. 469, 34 L.Ed.2d 312 (1972). A photograph depicting the victim or scene of a crime is not rendered inadmissible merely because it is gruesome

or inflammatory, unless offered solely to arouse the passions of the jury. *Martin*, 475 S.W.2d at 267. If a verbal description of the crime site or victim would be admissible, a photograph depicting the same is, likewise, admissible. *Id.* at 267.

■ The state laid a proper predicate for admission of the disputed photograph and it was logically relevant to issues on trial. Further, a verbal description of prosecutrix's injuries would have been admissible at appellant's trial. Moreover, the photograph in question, while surely unpleasant to view, was hardly so gruesome that it would tend to inflame the mind of a reasonable juror. *See: Lanham v. State*, 474 S.W.2d 197, 199 (Tex.Cr.App.1971). (color photographs of an abused child held properly admitted into evidence). We find the trial court did not abuse its discretion in admitting this particular photograph into evidence. Appellant's first ground of error is overruled.

Appellant urges, by his second ground, reversible error in the trial court's violation of Article 40.07, Tex.Code Crim.Pro. Ann. (Vernon 1979). He complains of the following remarks, made by the trial court in denying appellant's Motion for New Trial:

I think the record is quite clear. In view of the Defendant's desire not to present any oral argument, it is the Court's opinion as it was on the day that the motions were made and at the close of the evidence in the case that the evidence was in fact sufficient and that will be the ruling of the Court. The motion will be denied.

Appellant argues that the court's statements amounted to comments on the evidence. He contends he was prejudiced by the remarks because they indicate the court refused him a new trial for improper reasons; namely, because he failed to present oral argument at the hearing, when he is not required by law to do so.

■ Article 40.07, *Id.*, provides that the trial judge, in ruling on defendant's Motion for New Trial shall not "sum up, discuss, or comment upon the evidence in the case. . . ." *Id.* Where the trial court has discussed the evidence or otherwise violated Article 40.07, *Id.*, such action, while error, is not reversible unless appellant demonstrates some harm resulting from the remarks. *Whitmore v. State*, 570 S.W.2d 889, 892 (Tex.Cr.App.1976). The Court of Criminal Appeals has been reluctant to find harm stemming from a statement made in violation of Article 40.07. *E.g., Id.; Mims v. State*, 378 S.W.2d 318, 320 (Tex.Cr.App. 1964); *Rocha v. State*, 43 Tex.Crim. 169, 63 S.W. 1018, 1020 (1901); *Johnson v. State*, 31 Tex.Crim. 456, 20 S.W. 985, 986 (1893). In *Rocha v. State*, 63 S.W. at 1020, appellant complained of the trial court's statement that "the evidence clearly shows by uncontradicted testimony that defendant is guilty. . . ." Our Court of Criminal Appeals held that, while the comment was error, it was not so prejudicial to appellant as to require reversal. *Id.*

■ In the case at bar, the court's remark that "the record is quite clear. . . .", if error, is not, under *Rocha* and other cases cited above, harmful error. Further, assuming arguendo, that the court's subsequent statements were comments on the evidence in the case, appellant has failed to show harm. The questioned remarks, read as a whole, indicate that the trial court failed to grant appellant's motion because the evidence in the case was sufficient to support his conviction, not because appellant failed to present oral argument. No harm being demonstrated, no reversible error is presented. We therefore overrule appellant's ground of error two.

■ In his third ground of error, appellant contends he was irreparably harmed by statements the State made during its closing argument at the guilt or innocence stage of the trial. Appellant objected to the remarks, and the trial court instructed the jury to disregard that portion of the argument. No further relief was requested. Where the defendant has objected to the State's closing argument, his objection is sustained, and no motion for mistrial or other relief is sought, no error is shown. *Magee v. State*, 504 S.W.2d 849, 851 (Tex.

Cr.App.1974), citing *Rodgers v. State*, 486 S.W.2d 794 (Tex.Cr.App.1972). We, therefore, overrule appellant's ground of error three.

 In his last ground of error, appellant asserts the evidence is insufficient to support his conviction. Specifically, appellant contends that his blatant actions in forcing his way into prosecutrix's house show that he did not knowingly or intentionally enter the dwelling. He further urges that testimony introduced at trial tending to show he was highly intoxicated or under the influence of drugs proves his lack of "conscious desire" to break in to the habitation. In addition, appellant, citing *Sanchez v. State*, 143 Tex.Crim. 345, 158 S.W.2d 801 (1942), claims there is insufficient evidence to prove he intended to rape the identical female alleged in the indictment. We find no merit in appellant's contentions.

The evidence introduced at trial indicates that on the night in question the prosecutrix heard someone knocking on her door, but was unable to see a car parked on the street, or see who was outside. She retreated to her bedroom and called the police. Appellant then kicked her door open, entered the house, and headed directly to the victim's bedroom. Undeterred by prosecutrix's attempts to protect herself (by spraying him with self-defense aerosol and hitting his head with a hammer) appellant seized and beat her, stated he "wanted" her, and proceeded to rape her. When police arrived and went into the house, appellant fled.

 When a question is raised regarding sufficiency of the evidence, the evidence must be viewed in the light most favorable to the jury's verdict. *Garza v. State*, 622 S.W.2d 85, 90 (Tex.Cr.App.1980). The question of intent with which an accused illegally entered a dwelling is a fact question for the jury, *Stearn v. State*, 571 S.W.2d 177 (Tex.Cr.App.1978), and the felonious intent with which a defendant entered is normally inferred from the events which occur while the burglary is in progress. *Sanchez*, 158 S.W.2d at 803. Further, evidence of voluntary intoxication does not negate the elements of intent or knowledge. *Hawkins v. State*, 605 S.W.2d 586, 589 (Tex.Cr.App.1980). In the instant case, the jury was clearly justified in inferring from the facts that appellant intended to enter prosecutrix's house and that he did so with intent to rape her.

Appellant's reliance on *Sanchez*, 158 S.W.2d 801, is misplaced. In that case, the state introduced no evidence of intent to rape. *Id.*, at 803–04. Here, the state showed not only intent to rape, but also that appellant did rape the victim. Ground of error four is overruled.

We have reviewed all of appellant's grounds and find no reversible error. We therefore affirm his conviction.