George Henry MANROSS, Appellant,

v.

STATE of Texas, Appellee.

No. B14–81–755CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 10, 1983.

Richard Thornton, Galveston, for appellant.

James F. Hury, Jr., Galveston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a conviction of murder. The appellant, George Henry Manross, was indicted for murder; trial was before a jury and appellant was found guilty. Punishment was assessed by the jury at thirty-five years.

The record reflects that the appellant and the victim resided together in a small house trailer in a remote area near San Leon in Galveston County. On September 7, 1976, both the appellant and the victim were seen by neighbors. The victim took a young lady to eat at the Bonanza restaurant on her birthday, September 7, 1976, and they parted company at 8:00 p.m. On September 10, 1976, a Deputy Sheriff of Galveston County found the victim in the trailer house, shot to death. The victim had been shot three times at close range; two shots were to his left side and one shot to his left arm. When discovered, the body of the victim was under a sheet and partly decomposed. The shotgun recovered at the scene had been purchased by the appellant on August 31, 1976. The fingerprints on the shotgun were not traced to the appellant. The appellant arrived in Arkansas on September 9, 1976, in the victim's automobile, and visited family friends. The appellant later drove to Fayetteville, Arkansas and departed to Anchorage, Alaska. He was taken into custody and returned to Galveston for trial.

Appellant raises two grounds of error on appeal:

Ground One: The trial court erred in allowing the introduction into evidence, over the objection of Defendant's Counsel of the gruesome photographs made at the scene, being State's exhibit 6, 7 and 20. Ground Two: The trial court erred in overruling and denying Defendant's Motion for Instructed Verdict made at the close of the State's Case, and again after both sides had rested, since there was insufficient evidence, under law, to connect the defendant with the corpus delec-

ti, or, in any manner with the murder of Marcus Boehme on or about September 8, 1976.

We find no error in the judgment of the trial court and affirm.

Ground one of alleged error:

The trial court sustained the appellant's objection to the admission of State's exhibit 20 into evidence. Therefore, we limit our opinion to State's exhibits 6 and 7.

■ The two photographs complained of are black and white depictions of the inside of the trailer house as it appeared after the crime: the victim was lying face down with a gunshot wound to his left side, there appeared to be blood spots on the floor, and a cooler was near the victim. The pictures were taken several days after the crime. A determination as to the admissibility of photographic evidence is made upon the same basis as is a decision on the admissibility of other types of evidence and must rest largely in the discretion of the trial judge. *Lanham v. State*, 474 S.W.2d 197 (Tex.Cr.App.1971).

■ In the instant case, we find nothing in the two photographs, representing the scene of the homicide, which would inflame the mind of a reasonable person sitting as a juror. The trial court did not abuse its discretion by admitting the photographs into evidence, therefore, appellant's first ground of error is overruled.

Ground two of alleged error:

■ After reviewing the record, we note that we are constrained to review the sufficiency of the evidence in the trial court in the light most favorable to the jury verdict. In *Parker v. State*, 432 S.W.2d 526 (Tex.Cr.App.1968), the Court of Criminal Appeals stated that:

Necessarily each case must in a measure be tested by its own facts [cites omitted]. However, when a jury, advised of the restrictions which the law places upon them in condemning one on circumstantial evidence, reaches the conclusion upon evidence properly before them that the accused is guilty, it is not for the reviewing court to support their findings by its own, unless it is able to point to weak-

nesses, omissions, or inconsistencies in the evidence which destroy its cogency. *Id.* at 531.

The testimony showed that the appellant and victim shared a small trailer house together. The appellant purchased a new shotgun, No. 6 shot and slugs just prior to the crime. There is evidence in the record that an object that fits the description of a shotgun was brought into the trailer house wrapped in a sheet. At or near the time of the crime the defendant went to Arkansas in the victim's Pontiac automobile. He visited friends there and indicated to his friends that he had broken one of the ten commandments and also mentioned killing a man. The appellant remained at his friends' house for a short period of time and the next day departed Fayettville, Arkansas for Anchorage, Alaska, leaving the vehicle in the airport parking lot. The appellant had maintained a diary for several months prior to the crime, that he labeled "Crumbs of my daily bread—Only words come close to Express by Hank Manross". The diary contains many statements concerning his relationships with people and his general frame of mind.

We find that the evidence regarding the crime was sufficient to sustain a conviction for murder.

The judgment is affirmed.