Wise-F v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-261-CR

     FLOYD WISE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 94-783-C
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Wise appeals his conviction for murder, for which he was sentenced to 75 years in
the Texas Department of Criminal Justice, Institutional Division.
      Appellant was convicted of murder for shooting his wife, Nancy Wise. The shooting occurred
about 1:30 a.m. on July 17, 1994. Both parties had been drinking. Appellant was intoxicated;
the testimony varied as to whether Nancy was intoxicated. Appellant called 9-1-1 at 1:40 a.m. 
The call was recorded. Appellant stated that he shot his wife; that the gun wasn't supposed to
have been loaded; that it wasn't supposed to happen; and that he loved the deceased.
      Nancy Wise, the victim, was shot with a pistol, the barrel of the gun contacting her body
when the fatal wound was inflicted. The bullet entered her body through the left side of the jaw
area. No one witnessed the shooting except the deceased and Appellant. Appellant elected not
to testify. 
      There was evidence that Appellant and his wife were out drinking with friends the evening
prior to the shooting and no hint of disagreement or ill feeling was noted between the two. There
was evidence that Appellant requested photographs of the funeral and that he paid for her
tombstone. The only contested element of the offense was whether Appellant intended to cause
the victim's death. Other evidence will be recited in discussion of Appellant's points.
      Appellant appeals on two points of error.
      Point one: "The trial court erred in admitting evidence of extraneous acts involving Appellant
and his wife which were not relevant to the charged offense and were nothing more than character
evidence."
      In the guilt-innocence phase of the trial, the court permitted the deceased's daughter, Alice
Coffman, to testify that Appellant and the deceased stayed with her six months in 1988; that during
that time she saw Appellant with his hand on the deceased's face; that in 1990 Appellant and the
deceased stayed with her for two months and during that time she saw Appellant push the deceased
on the couch and tell her if she got up he would "beat her ass."
      Witness Vola Bragwell was permitted to testify that in 1989 she observed Appellant kick his
wife and curse her; that she saw Appellant throwing punches at her in the car and the next day she
appeared to have been beaten. She also testified that in November 1989, Appellant told his wife
to shut up, then hit her in the stomach and in the face. She further testified that in December
1993, Appellant confronted his wife over $25 owed to a friend; that he grabbed her and shook her,
cursed her and started to beat her. Finally, Bragwell testified that in March 1994, she was talking
to Appellant's wife about a hole in the kitchen wall; that Nancy told her Appellant had taken a pot
shot at her; that Appellant walked into the room and heard what Nancy had said; that he then said
that he missed with that one and the last one had her name on it.
      Appellant objected to the foregoing evidence arguing that it was inadmissible conduct. The
State responded that the evidence was admissible to prove the prior relationship between Appellant
and his wife.
      At the time of trial Section 19.06 of the Penal Code provided:
In all prosecutions for murder or voluntary manslaughter, the State or the defendant
shall be permitted to offer testimony as to all relevant facts and circumstances
surrounding the killing and the previous relationship existing between the accused and
the deceased together with all relevant facts and circumstances going to show the
condition of the mind of the accused at the time of the offense.




            Section 19.06 permits two types of evidence: (1) all facts and circumstances surrounding
the killing which are probative of the material condition of the mind of the accused at the time of
the offense; and (2) all facts and circumstances surrounding the previous relationship of the
accused and deceased which are probative of the material condition of the mind of the accused at
the time of the offense. Fielder v. State, 756 S.W.2d 309, 318 (Tex. Crim. App. 1988).



      Appellant complains that evidence of a prior beating and threats was not relevant and not
admissible.
      Appellant's argument is without merit. If the evidence is considered without evidence of the
prior relationship of Appellant and Nancy, the truth would be hidden. Under Appellant's
contention, the only available State's evidence would have been the statements of Appellant on the
9-1-1 call. In that situation all evidence would indicate that Appellant loved his wife and her
point-blank shooting was some freak accident.
      Evidence of incidents occurring before the date of offense, in which the defendant had placed
a shotgun at the victim's head, was admissible to show "relevant facts and circumstances
surrounding the killing, the relationship existing between defendant and his victim, and to show
the condition of defendant's mind at the time of the offense." Sattiewhite v. State, 786 S.W.2d
271, 284 (Tex. Crim. App. 1989).
      This court held in Pena v. State, 864 S.W.2d 147, 150 (Tex. App.—Waco 1993) (citing many
cases) that evidence of prior assaults and threats to the victim by the defendant in a prosecution
for murder, is relevant to show the defendant's previous relationship with the victim as well as his
state of mind at the time of the offense.
      Additionally, Appellant's bad acts were admissible under Rule 404(b), Texas Rules of
Criminal Evidence 


, to show absence of mistake or accident and to rebut Appellant's defensive
theory of accidental discharge.
      Appellant asserts the extraneous bad acts involving himself and the deceased were not relevant
and were nothing more than character evidence which suggests that because Appellant is a wife-beater, he murdered her. The evidence is much stronger. The extraneous acts included his threats
to shoot and kill the deceased and his shooting a gun in her direction and telling her he had
"missed with that one and that the last one had her name on it and he wouldn't miss next time." 
The complained of evidence was admissible. Point one is overruled.
      Point two: "Section 8.04, Texas Penal Code, unconstitutionally acts to limit a jury's ability
to consider Appellant's intoxication as it relates to his mental state, and thereby lowers the State's
burden of proof."
      Section 84.04, Intoxication, provides:
(a) Voluntary intoxication does not constitute a defense to the commission of a crime.
(b) Evidence of temporary insanity caused by intoxication may be introduced by the
actor in mitigation of the penalty attached to the offense for which he is being tried.

      Appellant urges for the first time on appeal that the foregoing statute is unconstitutional. The
constitutionality of a statute upon which the defendant's conviction is based may be raised for the
first time on appeal. Rabb v. State, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987). Appellant's
attack, however, is not on the statute upon which his conviction is based, i.e., the murder statute. 
Appellant's argument is that because there was some evidence that he was intoxicated, and because
the law allows the jury to be instructed "that intoxication does not constitute a defense to the
commission of a crime," that such law is unconstitutional. Appellant did not make this contention
in the trial court and has thus waived same. His defensive theory at trial was that the gun was not
supposed to be loaded and that the shooting was an accident. The jury was instructed on
accidental discharge of the gun. The defense theory was refused by the jury.
      Assuming, without deciding, that Appellant has not waived the issue, he fails to show how
Section 8.04 is unconstitutional. When a defendant challenges the constitutionality of a statute,
he must rebut the presumption that the statute is valid and that the Legislature did not act
unreasonably or arbitrarily in enacting the statute. Porter v. State, 806 S.W.2d 316 (Tex.
App.—San Antonio 1991).
      Texas courts have consistently held that voluntary intoxication does not negate the elements
of intent or knowledge. Baker v. State, 625 S.W.2d 840, 843 (Tex. App.—Amarillo 1991);
Hawkins v. State, 605 S.W.2d 587, 588 (Tex. Crim. App. 1980).
      Moreover, there was no evidence at trial to indicate that Appellant's intoxication had any
bearing on his behavior. Point two is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings, 
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 17, 1996
Do not publish