Opinion filed November 13, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed November 13,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00119-CR 

                                                    __________

 

                                  THOMAS DALE LYNCH, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                           On
Appeal from the 9th District Court

 

                                                    Montgomery
County, Texas

 

                                          Trial
Court Cause No. 06-09-09152-CR

 



 

                                              M
E M O R A N D U M   O P I N I O N          

 

 Thomas
Dale Lynch was arrested after bumping several other vehicles on U.S. Highway 59
with his Chevrolet Blazer.  Lynch was indicted for possession of a controlled
substance and for three counts of aggravated assault with a deadly weapon.  The
State abandoned the possession allegation at the start of trial, the trial
court granted Lynch=s
motion for directed verdict as to one of the aggravated assault counts, and the
jury found Lynch guilty of one aggravated assault count but acquitted him of
the other.  The jury then assessed his punishment at confinement for seven
years and six months.  We affirm.








                                                              I.
Background Facts

On
August 5, 2006, the Texas DPS was notified that a white SUV was ramming other
cars on Highway 59.  DPS Trooper Derek Leitner was dispatched, and he observed
a Chevrolet Blazer traveling south on Highway 59 at a high rate of speed. 
Trooper Leitner pursued the Blazer for two miles, driving as fast as 120 miles
per hour, before it was finally stopped with the assistance of other law
enforcement officials.  Trooper Leitner noticed Lynch and a female passenger
making furtive movements toward the Blazer=s
center console area.  During a subsequent search of the vehicle, police found
several generic Vicodin tablets.

Lynch
was removed from the Blazer.  He appeared intoxicated and began acting
aggressively. While Lynch was being taken into custody, other vehicles stopped
at the scene and told the officers that Lynch had hit them.  Lynch was placed
in a police car with a cage.  When Lynch learned that he was under arrest, he
began yelling, screaming, spitting, and cussing.  He kicked the window out of
the car and tried to escape.  He was eventually restrained by the officers with
pepper spray.

                                                                       II.
Issues

Lynch
challenges his conviction with three issues.  Lynch contends that the evidence
is legally and factually insufficient to support his conviction and that the
trial court erred by including incorrect definitions of Aintentionally@
and Aknowingly@ in the jury charge.

                                                                   III.
Discussion

  
A. Sufficiency of the Evidence.

Lynch
contends that the evidence is legally and factually insufficient because there
was no evidence that he intentionally or knowingly threatened the victim with
imminent bodily injury.

1.  Standard of Review.  








To
determine if the evidence is legally sufficient, we review all of the evidence
in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). The factfinder is the
sole judge of the credibility of the witnesses and the weight to be given their
testimony.  Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App.
1992). The factfinder may choose to believe or disbelieve all or any part of
any witness=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
To determine if the evidence is factually sufficient, the appellate court
reviews all of the evidence in a neutral light. Watson v. State, 204
S.W.3d 404, 414 (Tex. Crim. App. 2006). Then, the reviewing court determines
whether the evidence supporting the verdict is so weak that the verdict is
clearly wrong and manifestly unjust or whether the verdict is against the great
weight and preponderance of the conflicting evidence.  Id. at 414-15.

2.  Analysis.

The
jury convicted Lynch of committing an aggravated assault against William
Underwood. The State was required to prove that Lynch intentionally or knowingly
threatened Underwood with imminent bodily injury by using or exhibiting a
deadly weapon.  Tex. Penal Code Ann.
'' 22.01(a)(2),
22.02(a)(2) (Vernon Supp. 2008).  Lynch does not dispute that he bumped
Underwood=s car with
his vehicle.  He contends, however, that this is insufficient to constitute
aggravated assault because the evidence established only that he acted
recklessly.

Underwood
testified that he and his wife were driving home from vacation.  They were on
Highway 59 traveling the speed limit when he was bumped from behind.  Underwood
looked in his rearview mirror and saw a car Aunderneath
[his] rear bumper@
pushing him.  The driver was cursing, shaking his fists, and making an obscene
gesture.  Underwood was unable to move out of the way because he had an
eighteen-wheeler on one side and a barrier on the other.  Finally, after being
hit numerous times and being pushed for three-fourths to one mile, Underwood
was able to partially pull his vehicle over onto the shoulder.  Lynch drove
through the narrow gap between Underwood=s
vehicle and the eighteen-wheeler, all the while yelling and shaking his fist at
Underwood.

Jason
Gregory Palmer described a similar situation.  He and his wife were on Highway
59 driving the speed limit when Lynch hit him from behind.  Palmer was unable to
get out of Lynch=s way
because he had an eighteen-wheeler on one side and another in front.  After
driving like this for a mile or two, Lynch went around Palmer B driving on the shoulder
and median.  Palmer described Lynch as looking aggravated and in a big rush. 
Lynch accelerated away, weaving through the traffic. Palmer saw other vehicles
moving over to the shoulder to avoid Lynch as Lynch drove through.

Underwood
and Palmer testified that Lynch=s
actions caused them fear and concern, and both testified that they believed
Lynch acted intentionally.  Palmer said that he was afraid Lynch would push him
into the eighteen-wheeler beside him or into the median.  Underwood told the
jury that he was afraid Lynch would cause him to lose control of his vehicle. 
Both also testified that they believed Lynch knew exactly what he was doing.








A
rational juror could conclude that Lynch=s
actions were intentional because, when Underwood and Palmer did not immediately
move out of his way, he began bumping them until they did so.  The fact that he
took the same action on two separate occasions, coupled with testimony that he
maintained control of his vehicle while maneuvering through the crowded traffic
at a high rate of speed, supports the conclusion that Lynch intentionally
threatened Underwood in order to force him to move his vehicle.  Issue One is
overruled.

 
Lynch argues that, when all of the evidence is considered in a neutral light,
it is factually insufficient because it shows that he was not in his right mind
but was intoxicated.  Lynch points to Underwood=s
testimony that he appeared to be out of his mind, to Trooper Leitner=s testimony that he
appeared intoxicated, and to Deputy Constable Richard J. Ford=s testimony that Lynch was
not acting normally and appeared to have lost the normal use of his faculties.

Voluntary
intoxication is not a defense to the commission of a crime. Tex. Penal Code Ann. ' 8.04(a) (Vernon 2003). 
Nor does it negate the elements of intent or knowledge.  Baker v. State,
625 S.W.2d 840, 843 (Tex. App.CAmarillo
1981, no writ).  Thus, the fact that Lynch may have been under the influence of
drugs or alcohol does not make the evidence factually insufficient.  Issue Two
is overruled.

B. 
Charge Error.  

Lynch
next complains that the trial court improperly utilized result-oriented
definitions of Aintentionally@ and Aknowingly@ in the charge rather than
nature-of-the-conduct-offense definitions.  The State does not dispute that the
wrong definitions were used but responds that Lynch was not harmed.  Lynch
responds that he was harmed because the jury was prohibited from considering
whether he was aware of the circumstances surrounding his conduct.

1.  Standard of Review.

Lynch
did not object to the jury charge=s
definitions at trial.  Consequently, he must show not only that the trial court
erred and that he suffered actual harm but also that he suffered egregious
harm.  Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  Egregious
harm arises if the error is so severe that it deprived the defendant of a fair
and impartial trial.  Id.  When making this decision, we consider (1)
the entire jury charge, (2) the state of the evidence, (3) the arguments of
counsel, and (4) any other relevant information in the records as a whole. Richardson
v. State, 879 S.W.2d 874, 879 (Tex. Crim. App. 1993).  








2.  Analysis.

We
note initially that Lynch=s
argument is counter to Section 8.04(a).  The circumstance to which he alludes
is his intoxication.  Because voluntary intoxication is not a defense and
cannot be used to negate the elements of intent or knowledge, the court=s error cannot be
considered egregiously harmful on that basis alone.  Furthermore, we note that
the definitions in the charge did not prevent Lynch from developing evidence of
his intoxication or from arguing its impact on his mental state B in fact his closing
argument focused on little else.

 The
jury was well aware that Lynch was intoxicated.  Several witnesses described
his appearance and demeanor and all agreed that he was not acting normally. 
Trooper Leitner testified that he found generic Vicodin pills and empty beer
cans in the Blazer, and he confirmed that in his arrest report he wrote, AMr. Lynch was in an altered
state of mind when operating his motor vehicle.@

During
closing argument, Lynch=s
counsel emphasized the testimony that Lynch was not acting normally, was
confused, and did not appear to know what he was doing.  He reminded the jury
that police found pills in Lynch=s
vehicle.  He then argued:

We
are not saying he is not guilty of anything because he was intoxicated.  We=re saying that he doesn=t rise to the level of a
second-degree felony of aggravated assault because you have the Aintentionally and knowingly@ clause.

Lynch=s counsel continued and
repeatedly told the jury that Lynch=s
behavior was inconsistent with an intent to hurt someone because of his mental
state.  The State did not object to any portion of counsel=s closing argument or to
any evidence of Lynch=s
intoxication.  

Because
Lynch=s intoxication
was fully developed during trial and his counsel was allowed to extensively
argue its impact on his state of mind, he has not shown egregious harm.  Issue
Three is overruled.   

                                                         IV.
Holding

The
judgment of the trial court is affirmed .

 

 

RICK STRANGE

JUSTICE

November 13,
2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J., 

McCall, J., and Strange, J.