**AFFIRM; Opinion Filed February 6, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01493-CR

CECILIA MARIE OGLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F11-51619-T

## MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Moseley

A jury convicted Cecilia Marie Ogle of murdering her mother, Sheila Ogle.[1] The victim died

after Ogle ran over her with the victim's car. Ogle asserts three issues in this appeal: (1) the

evidence was legally insufficient to support the verdict; (2) the trial court erred by admitting autopsy

photos; and (3) the trial court violated Ogle's right to counsel when it sustained an objection by the

State during the defense's closing argument. The background and facts of the case are well-known

to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled

---

[1] We refer to appellant Cecilia Ogle as "Ogle" and her mother as "the victim."

in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

In her first issue, Ogle challenges the legal sufficiency of the evidence supporting the conviction. We apply the appropriate legal sufficiency standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). We "view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames*, 353 S.W.3d at 860. We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See id.* (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). As applicable here, a person commits murder if he "intentionally or knowingly causes the death of an individual" or if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." TEX. PENAL CODE § 19.02(b) (West 2011).

Ogle concedes she "drove the car which struck Sheila Ogle." However, she challenges the jury's ability to find, based on the evidence, that she intentionally or knowingly caused the victim's death or that she intended to cause serious bodily injury and committed an act clearly dangerous to human life.

There is evidence Ogle lived in a house with the victim; the victim was disabled, moved slowly, and used a cane. On the night of the murder, Ogle and her friends smoked marijuana and drank alcohol at the house. Ogle and the victim argued over whether Ogle could use the victim's car to go to a bar to continue drinking. During the argument both women stood behind the victim's car, which was parked in the driveway.

A witness saw the car moving backward out of the driveway and saw the victim underneath the car. He then saw the driver put the car in drive and move the car back into the driveway while the victim remained under the car. When Ogle put the car in drive, the witness heard the "tires squeal" and saw "gravel being thrown, a few rocks. I could hear the [victim] being rolled underneath the car." Ogle returned the car to the driveway "pretty much at the original spot because the [victim] was back underneath the back bumper slightly. She was still underneath the car but not very much." The witness saw the victim's cane in the middle of the road. When Ogle got out of the car, she went to the rear of the car, pulled the victim from under the car by the victim's arm, held the victim's head up by her hair and said "Mom, what's wrong with you? What are you doing?" Ogle did not attempt to render aid.

When the paramedics arrived, half of the victim's body was underneath the trunk of the car. She was not breathing, had no pulse, was unconscious and unresponsive, and had no vital signs. The victim was pronounced dead at the hospital. The medical examiner testified the victim died from blunt force injuries "from the head down to her feet." She stated: "[t]here were injuries on basically every body surface. The front of the chest, abdomen, back, front of the legs, back of the legs, everywhere."

A paramedic who treated the victim at the scene testified that in his experience when a person accidentally has been run over by a car: "A lot of times it will be more of a - - if it's going in reverse, as in this case, it will be where the patient or the patient will bounce off of the hood or bounce off of the trunk of the car and not be sucked up underneath. It will be a bounce and then a stop." The level of trauma and extent of the injuries to the victim were more significant than when someone is run over accidentally.

Considering all of the evidence (including that summarized above) in the light most favorable to the verdict, we conclude a rational trier of fact could have found Ogle guilty of murder beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Adames*, 353 S.W.3d at 860. Based on the evidence, a rational jury could have believed Ogle intentionally or knowingly caused the victim's death by using the car to strike the victim or she intended to cause serious bodily injury and committed an act clearly dangerous to human life. Thus, we overrule Ogle's first issue.

In her second issue, Ogle argues the trial court erred by admitting autopsy photographs because they had a prejudicial effect. At trial, Ogle's counsel stated he did not contest the fact that the victim was dead or the manner of her death; he only argued the photos were cumulative and unfairly prejudicial. We review a trial court's decision to admit photographs for an abuse of discretion. *See Davis v. State*, 313 S.W.3d 317, 331 (Tex. Crim. App. 2010). "Autopsy photographs are generally admissible unless they depict mutilation of the victim caused by the autopsy itself." *Id.* The State bears the burden to show the crime occurred; "and the photographic representation of the injuries tends to establish this element in a way which testimony by witnesses could not be [sic] accurately portray." *Lanham v. State*, 474 S.W.2d 197, 199 (Tex. Crim. App. 1971).

The medical examiner testified about the autopsy and explained the purpose of the autopsy photos, all of which evidenced the victim's external injuries. The medical examiner explained that the photographs showed "all of the external injuries to both the front and back of the [victim's] trunk . . . It's our responsibility to document those very carefully, measure them, state exactly where they are. Basically what they are is a series of abrasions and contusions to both the front and back surfaces of her trunk." She used the autopsy photos to show other injuries to the victim, including a "very large contusion or bruise with some abraded areas" on the back of the victim's head, road rash to her abdomen, contusions to the back of the victim's arm and to her upper and mid back, and

deep scraping to her shoulder. Moreover, none of the photos shows any mutilation to the body caused by the medical examiner's examination.

Because the autopsy photos were probative of the issue of whether the victim's death was an intentional killing with multiple injuries inflicted on the victim, we conclude the trial court did not abuse its discretion by determining the probative value of the photographs was not substantially outweighed by their prejudicial effect, if any. *See* TEX. R. EVID. 403 (trial court may exclude relevant evidence if probative value substantially outweighed by danger of unfair prejudice); *Davis*, 313 S.W.3d at 331 (abuse of discretion review). We overrule Ogle's second issue.

During Ogle's counsel's closing arguments, the trial court twice sustained the State's objection that counsel was arguing "facts not in evidence and outside the scope" of the record. In her third issue, Ogle asserts that in doing so the trial court deprived Ogle of her right to counsel.

Ogle's counsel never informed the trial court that, by sustaining the State's objections, the Court was depriving Ogle of her right to counsel. Thus, Ogle has waived this complaint. *See* TEX. R. APP. P. 33.1(a); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (for error to be preserved for appeal, the record must show appellant made a timely request, objection, or motion). Accordingly, because Ogle has not preserved this issue for appellate review, we overrule her third issue.

Having resolved Ogle's three issues, we affirm the trial court's judgment.

_____
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111493F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# **JUDGMENT**

CECILIA MARIE OGLE, Appellant

No. 05-11-01493-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
Cause No. F11-51619-T).
Opinion delivered by Justice Moseley,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 6, 2013.

_____
JIM MOSELEY
JUSTICE