

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00167-CR

---

FRANCISCO BAZAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-1194, Honorable Douglas H. Freitag, Presiding

---

August 5, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant Francisco Bazan appeals from his conviction for aggravated assault with a deadly weapon, a second-degree felony enhanced to first-degree for punishment, for which he received fifty years of confinement.[1] By what we construe as a single issue, Appellant argues the trial court erred by permitting testimony that his behavior was

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

"consistent with someone who has been intoxicated on either drugs or alcohol." We affirm.

## BACKGROUND

On the afternoon of January 17, 2022, Delia Hernandez returned home to find Appellant and another man called "Bird" drinking beer outside her fourplex. Later, she heard them arguing near her driveway, with Bird pleading, "Why do you want to hurt me? I'm an old man." Hernandez instructed them to leave and threatened to call the police; both men departed in opposite directions.

Minutes later, Hernandez drove to speak with Appellant's sister about keeping Appellant away from her property. As she turned onto a street, she heard Appellant yell from an empty lot. When she looked, she saw him pick up his arm and throw a sledgehammer through her passenger window, striking her in the back. Hernandez called 911.

Lubbock police officers Jordan Lee and Stephen Nagy were among the responding officers. They interviewed Hernandez and observed the damage to the vehicle and injury to Hernandez. She identified Appellant as the one who threw the sledgehammer.

Corporal Nagy testified he found Appellant with a bleeding head wound and transported him to University Medical Center, where Appellant required restraint, sedation, and multiple staples to close his wound.

2

Outside the jury's presence,[2] Nagy was asked whether he believed Appellant was intoxicated. He said, "it's a possibility," based on statements by Appellant's family members about alcohol consumption. However, Nagy lacked personal knowledge of whether Appellant had consumed alcohol; he did not smell alcohol on Appellant's breath and agreed he had no "articulable facts to say that he was high or anything like that." Though no objection was posed by Appellant, the trial court determined that because Nagy lacked articulable facts, testimony about intoxication would constitute speculation.

When trial resumed in front of the jury, Nagy described Appellant as "agitated and worked up." He also testified about observing blood on Appellant's head. During cross-examination, Appellant's attorney questioned Nagy about head injuries and its effect on behavior:

> Q. And your experience also tells you when someone suffers a head wound, that could affect their behavior, their demeanor and their lack of cooperation and things of that nature; is that correct?
>
> A. That is correct. Yes, sir.
>
> Q. I mean, they can become disoriented, they could black out. It could be a serious injury; is that right?
>
> A. Yes, sir.
>
> Q. And you don't know how serious the extent was of his head injury when we're talking about [Appellant]; is that true?
>
> A. That is correct.

---

[2] Prior to trial, Bazan filed a motion in limine regarding extraneous offenses. Bazan explained that this included references to his alleged intoxication. The trial court directed the parties to approach before they presented evidence of such.

Before the bench, the State again requested permission to ask Nagy about Appellant's intoxication, arguing defense counsel's questions about head injuries "opened the door."[3] The court declined due Nagy's concession that he lacked personal knowledge about whether Appellant was intoxicated but allowed Nagy to generally elaborate on whether "other things" can cause behavioral changes; Nagy replied, "Alcohol, narcotics, foreign substances."

Later, Officer Lee testified. At a bench conference, the State notified the court it intended to elicit testimony that Appellant's behavior was consistent with somebody who was intoxicated. Appellant objected on relevance and Rule 404 grounds. The State argued the testimony was relevant to Appellant's mens rea and admissible under Rule 404(b)(2). The trial court agreed, overruling Appellant's objection but providing a limiting instruction. Officer Lee testified that Appellant exhibited behavior consistent with somebody intoxicated on drugs or alcohol.

On cross-examination, Appellant's counsel also pressed Officer Lee about alternative causes for confusion, emphasizing Lee's lack of medical training regarding head injuries. Lee acknowledged "it's a possibility" Appellant was behaving that way because of a head injury and agreed there could be "a medical explanation."

---

[3] "Voluntary intoxication does not constitute a defense to the commission of crime." TEX. PENAL CODE ANN. § 8.04(a). Evidence that a defendant is intoxicated cannot be used to show a lack of intent or knowledge. *Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App. 1980); *Baker v. State*, 625 S.W.2d 840, 843 (Tex. App.—Amarillo 1981, no pet.).

**ANALYSIS**

Appellant argues the trial court erred by admitting Officer Lee's testimony that his behavior was consistent with intoxication. He contends the evidence was inadmissible as *res gestae* and harmed his defensive theory that head trauma prevented him from forming the necessary *mens rea*. We disagree.

A.  Appellant Opened the Door to the Admission of the Evidence

Evidence of a defendant's crimes, wrongs, or other acts is generally inadmissible to prove character conformity. TEX. R. EVID. 404(b). However, the evidence may be admitted for other purposes, including to rebut a defensive theory that negates an element of the offense. *Irsan v. State*, 708 S.W.3d 584, 616 (Tex. Crim. App. 2025). A party may introduce such evidence if it "logically serves to make more or less probable an elemental fact" or undermines defensive evidence related to an elemental fact. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We review the trial court's decision to admit extraneous bad acts under an abuse-of-discretion standard and will uphold the trial court's ruling if it is correct on any applicable legal theory. *Irsan*, 708 S.W.3d at 616.

Appellant's defensive theory placed his mental state squarely at issue. He elicited testimony from Corporal Nagy that head wounds can affect behavior, demeanor and lack of cooperation, cause disorientation, and result in serious injury. Appellant reinforced this theory through additional evidence, including a jail call where he indicated no memory of the events and body camera footage showing confusion at arrest and the hospital.

On cross-examination, Appellant's counsel also pressed Officer Lee about alternative causes for confusion, emphasizing Lee's lack of medical training regarding

5

head injuries. Lee acknowledged "it's a possibility" Appellant was behaving that way because of a head injury and agreed there could be "a medical explanation." Discussion of this evidence continued through closing arguments, where Appellant's attorneys repeatedly invoked Appellant's head injury to argue he lacked intent to commit the offense.

On the other hand, evidence of voluntary intoxication does not support a defense that Appellant lacked intent. TEX. PENAL CODE ANN. § 8.04; *see Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App. 1980); *Baker v. State*, 625 S.W.2d 840, 843 (Tex. App.—Amarillo 1981, no pet.). By placing his mental state into question in an effort to undermine the element of intent, Bazan's defensive theory permitted the State to introduce evidence that his behavior and confusion was caused by something that is not fatal to the elements of the offense. *See Irsan*, 708 S.W.3d at 616; *De La Paz*, 279 S.W.3d at 343. Accordingly, the trial court did not abuse its discretion by permitting the State to introduce evidence that Bazan's behavior was consistent with somebody who was intoxicated. *See Irsan*, 708 S.W.3d at 616. Such evidence does not run afoul of Rule 404(b). *See id.* We overrule Bazan's issue.

B. Preservation Issues Bar Additional Challenges

Appellant also suggests the evidence lacked foundation and violated Rule 404(b) notice requirements. These arguments were not preserved. When the State proffered Lee's testimony, Appellant objected only on relevance and general Rule 404(b) grounds—not foundation, personal knowledge, or inadequate notice. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015); *see also*

*Trejo v. State*, 594 S.W.3d 790, 799 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (complaint on appeal must comport with specific objection at trial). Having failed to raise these specific objections, Appellant cannot challenge them on appeal. *Taylor v. State*, 109 S.W.3d 443, 449 n.25 (Tex. Crim. App. 2003) ("Where the same evidence or argument is presented elsewhere during trial without objection, no reversible error exists."); *Dixon v. State*, No. 07-16-00058-CR, 2022 Tex. App. LEXIS 268, at *11–12 (Tex. App.—Amarillo Jan. 13, 2022), opinion corrected on denial of reh'g, No. 07-16-00058-CR, 2022 Tex. App. LEXIS 2696, *1 (Tex. App.—Amarillo Apr. 25, 2022, pet. denied).

Appellant similarly argues the court inconsistently excluded Nagy's similar testimony but admitted Lee's. But the record clearly explains the distinction. The court excluded Nagy's testimony because he admitted he lacked articulable facts to support an intoxication opinion, relying only on hearsay from family members. When Lee testified, however, Appellant objected on relevance-based grounds, not personal knowledge.

Moreover, the State's case rested primarily on Hernandez's eyewitness testimony that she saw Appellant throw the sledgehammer through her window. The intoxication evidence, while potentially prejudicial, does not materially affect the strength of this identification testimony or undermine confidence in the verdict—especially in light of Appellant's alternative explanation for his mental state at the time. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (verdict should not be overturned if court has fair assurance error did not influence jury or had but slight effect).

## CONCLUSION

The trial court did not abuse its discretion in admitting evidence pertaining to possible intoxication.   We overrule Appellant's issues and affirm the conviction and sentence.

Lawrence M. Doss
Justice

Do not publish.

Quinn, C.J., concurs in the result.